98 F.3d 1344
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. NEAL, Defendant-Appellant.
 No. 95-4031.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 2, 1996.
Decided Oct. 8, 1996.
 
 Before POSNER, Chief Judge, and BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted John Neal of conspiracy with intent to distribute marijuana, see 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to launder money, see 18 U.S.C. §§ 371, 1956(a)(1)(A)(i). On appeal, Neal challenges the sufficiency of the evidence of his agreement to join the conspiracy.
 
 
 2
 Mr. Neal's insufficiency claim has been waived because his trial attorney did not move for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Moreover, we cannot say that he can avoid the consequences of this waiver by asserting a claim of ineffective assistance of counsel. His attorney was certainly not obliged to raise a clearly meritless motion.
 
 
 3
 The familiar test for sufficiency of the evidence on appeal is whether the evidence, viewed in the light most favorable to the government, would permit a rational jury to find the defendant guilty beyond a reasonable doubt. United States v. Copus, 93 F.3d 269, 271 (7th Cir.1996). Mr. Neal points to various inconsistencies in the witness testimony that he believes cast doubt on the government's theory of the case. Such arguments, however, are for the jury and not appellate review. Determinations of credibility are for the trier of fact and will not be questioned on appeal except in the rare circumstance when the testimony is legally incredible because it is unbelievable on its face. United States v. Alcantar, 83 F.3d 185, 189 (7th Cir.1996). It is not so here.
 
 
 4
 Accordingly, the judgment of the district court is affirmed.
 
 
 5
 AFFIRMED.